| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Quiksilver Wetsuits, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all):<br>33-0489599 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>5600 Argosy Circle<br>Huntington Beach, California<br>ZIP CODE 92649 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Orange County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)
- [ ] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [x] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)
- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [x] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)
- [ ] Chapter 7
- [ ] Chapter 9
- [x] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**
Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)
- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box.)
- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [x] Debts are primarily business debts.

**Filing Fee** (Check one box.)
- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [x] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**     THIS SPACE IS FOR COURT USE ONLY
- [x] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] |

Estimated Assets
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] |

Estimated Liabilities
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Quiksilver Wetsuits, Inc. | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: Please see Schedule 1 | Case Number: | Date Filed: |
| District: District of Delaware | Relationship: Affiliate | Judge: Same |

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☐ Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)     (Date)

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☑ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13) Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Quiksilver Wetsuits, Inc. |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X /s/ Van C. Durrer, II<br>Signature of Attorney for Debtor(s)<br>Van C. Durrer, II<br>Printed Name of Attorney for Debtor(s)<br>Skadden, Arps, Slate, Meagher & Flom LLP<br>Firm Name<br>300 South Grand Avenue, Suite 3400<br>Los Angeles, CA 90071<br>Address<br>310-687-5200<br>Telephone Number<br>09/09/2015<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>X _____<br>Signature<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br>Andrew Bruenjes<br>Printed Name of Authorized Individual<br>Chief Financial Officer<br>Title of Authorized Individual<br>09/09/2015<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## SCHEDULE 1– AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that have filed voluntary petitions for relief in this Court under title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), substantially contemporaneously with the filing of this petition.

| DEBTOR | TAX ID NO |
|---|---|
| Quiksilver, Inc. | 33-0199426 |
| QS Wholesale, Inc. | 80-0118795 |
| DC Direct, Inc. | 27-0058364 |
| DC Shoes, Inc. | 33-0610965 |
| Fidra, Inc. | 33-0928945 |
| Hawk Designs, Inc. | 33-0831121 |
| Mt. Waimea, Inc. | 33-0785846 |
| Q.S. Optics, Inc. | 33-0542493 |
| QS Retail, Inc. | 33-0740505 |
| Quiksilver Entertainment, Inc. | 48-9569667 |
| Quiksilver Wetsuits, Inc. | 33-0489599 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                          :
In re:                                    :    Chapter 11
                                          :
QUIKSILVER, INC., et al.,                 :    Case No. 15-_____ (___)
                                          :
                Debtors.¹                 :    (Joint Administration Pending)
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
```

**CONSOLIDATED LIST OF CREDITORS
HOLDING THIRTY LARGEST UNSECURED CLAIMS**

  Set forth below is a list of creditors holding the thirty (30) largest unsecured claims, on a consolidated basis, against Quiksilver, Inc. and its debtor subsidiaries (collectively, the "Debtors"), as of approximately September 4, 2015. This list has been prepared on a consolidated basis, based upon the books and records of the Debtors. The information presented in the list below shall not constitute an admission by, nor is it binding on, the Debtors.

  This List of Creditors is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. This List of Creditors does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest unsecured claims.

---

[1] The Debtors and the last four digits of their respective taxpayer identification numbers are as follows: Quiksilver, Inc. (9426), QS Wholesale, Inc. (8795), DC Direct, Inc. (8364), DC Shoes, Inc. (0965), Fidra, Inc. (8945), Hawk Designs, Inc. (1121), Mt. Waimea, Inc. (5846), Q.S. Optics, Inc. (2493), QS Retail, Inc. (0505), Quiksilver Entertainment, Inc. (9667), Quiksilver Wetsuits, Inc. (9599). The address of the Debtors' corporate headquarters is 5600 Argosy Circle, Huntington Beach, California 92649.

| Creditor | Mailing Address and Contact Information | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of Claim |
|---|---|---|---|---|
| U.S. BANK AS INDENTURE TRUSTEE | U.S. BANK NATIONAL ASSOCIATION, 60 LIVINGSTON AVE, ST. PAUL, MN 55107<br>PHONE:<br>FAX: 651-466-5400<br>EMAIL: JOEL.GEIST@USBANK.COM; LAURIE.HOWARD@USBANK.COM | UNSECURED NOTES | NO | 225,483,750 |
| C & K TRADING CO., LTD. | 867 WOO 1-DONG HAEUNDAE-GU, BUSAN,<br>13 612-822 SOUTH KOREA<br>PHONE: 82-51-747-2425<br>FAX: 82-51-747-2425<br>EMAIL: KEVIN@SHOENET.ORG | MERCHANDISE | NO | 7,262,832 |
| SAMIL TONG SANG CO. | 18-130 GANGDONG-DONG, BUSAN, 13 618-800 SOUTH KOREA<br>PHONE: 82-51-972-0031<br>FAX: 82-51-979-1729<br>EMAIL: KEVIN@SHOENET.ORG | MERCHANDISE | NO | 5,550,608 |
| NORTHSTAR SOURCING GROUP HK LTD | ROOM 602, 6/F, ORIENTAL CENTRE, KOWLOON, KLN 999077 HONG KONG<br>PHONE: 4257093005<br>FAX: 86-769-8503-2121<br>EMAIL: | MERCHANDISE | NO | 4,506,997 |
| COINS INTERNATIONAL CO., LTD. | 7F-1, NO. 89 BO GUAN ROAD, TAICHUNG, TWN 404 TAIWAN<br>PHONE: 886 4 23298677<br>FAX: 886-4-23298638<br>EMAIL: | MERCHANDISE | NO | 3,886,116 |
| DRAGON CROWD GARMENT INC | FL/5 BLDG A, C&E CENTRE, NINGBO, 130 315040 CHINA<br>PHONE: 0086-574-877004<br>FAX: 0086-574-87703108<br>EMAIL: INFO@DRAGONCROWD.COM | MERCHANDISE | NO | 3,241,369 |
| PUTIAN XINXIESHENG FOOTWEAR CO., LT | LIUXIAN, LAIDIAN TOWN, XIANYOU, PUTIAN, 150 351251 CHINA<br>PHONE: 0594 8673899<br>FAX: 0594-8673799<br>EMAIL: | MERCHANDISE | NO | 2,976,756 |
| WORLD MARKETING, INC. | 306 38TH STREET, 8TH FLOOR, NEW YORK, NY 10018<br>PHONE:<br>FAX:<br>EMAIL: RESULTS@WORLDMARKINC.COM | LITIGATION | DISPUTED | 2,542,252 |

| Creditor | Mailing Address and Contact Information | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of Claim |
|---|---|---|---|---|
| DUBHE CORPORATION | CHE-IL BLDG RM 1501, 256-13, SEOUL, 13 121-758 SOUTH KOREA<br>PHONE: 82 70 7508 9461<br>FAX: 82 2 719 7025<br>EMAIL: | MERCHANDISE | NO | 2,004,832 |
| 3 TIMES SQUARE ASSOCIATES LLC | JP MORGAN CHASE BANK, GPO P.O. BOX 27488, NEW YORK, NY 10087<br>PHONE:<br>FAX: 212-270-1648<br>EMAIL: | REAL PROPERTY | CONTINGENT | 1,922,462 |
| SUMEC TEXTILE AND LIGHT INDUSTRY CO | 13F, 198 CHANGJIANG ROAD, NANJING, 100 210018 CHINA<br>PHONE: 852-23446040<br>FAX: 852-23290040<br>     86-025-89695000<br>EMAIL: TEXTILE@SUMEC.COM.CN | MERCHANDISE | NO | 1,651,932 |
| 404 WEST LLC | C/O WINTER MANAGEMENT CORP<br>730 FIFTH AVE, NEW YORK, NY 10019<br>PHONE:<br>FAX: 212-616-8985<br>EMAIL: IR@WINTER.COM | REAL PROPERTY | CONTINGENT | 1,529,596 |
| QTNP APPARELS JSC | NO. 18, LOT 8, LONG BIEN RESETTLEME, HA NOI, 10000 VIETNAM<br>PHONE: 84 4 36369090<br>FAX: 84-4-36369091<br>EMAIL: INFO@QTNPAPPARELS.COM | MERCHANDISE | NO | 1,447,768 |
| HONG KONG HESHENG INT'L | RM 1102, WOFOO COMMERCIAL BUILDING, KOWLOON, KLN 999077 HONG KONG<br>PHONE: 86 594 7668888<br>FAX: 86-594-762817<br>EMAIL: | MERCHANDISE | NO | 1,345,323 |
| CPG PARTNERS LP | P.O. BOX 827727, PHILADELPHIA, PA 19182 PHONE: 9734033169<br>FAX:<br>EMAIL: IRCONTACT@SIMON.COM | REAL PROPERTY | CONTINGENT | 1,322,139 |
| EASTMAN EXPORTS GLOBAL CLOTHING | 10, 12, KUMARANAGAR (SOUTH), TIRUPUR, 641603 INDIA<br>PHONE:<br>FAX: 91-421-4301205<br>EMAIL: SATHISH.SOURCING@EASTMANEXPORTS.COM | MERCHANDISE | NO | 1,306,940 |

| Creditor | Mailing Address and Contact Information | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of Claim |
|---|---|---|---|---|
| XIAMEN C&D LIGHT INDUSTRY CO., LTD. | 15TH FLOOR SEASIDE BLDG., XIAMEN, 150 361000 CHINA<br>PHONE: 86 592 2337246<br>FAX: 86-592-2100118<br>     86-592-2987067<br>EMAIL: CNDCHAIN@CHINACND.COM | MERCHANDISE | NO | 1,273,014 |
| MOONEY, ANDREW P. | PO BOX 69447, WEST HOLLYWOOD, CA 90069<br>PHONE:<br>FAX: 480-596-1384<br>EMAIL: | SEVERANCE | NO | 1,252,400 |
| FULL CREATIVE CO, LTD | NO.4 JIN-YING 2ND ST., DONGGUAN, 190 523942 CHINA<br>PHONE: 86 769 89981999<br>FAX: 86-769-89981002<br>EMAIL: | MERCHANDISE | NO | 1,204,081 |
| MERRY LINK DEVELOPMENT | (MACAO COMMERCIAL OFFSHORE) LIMITED, ALAMEDA DR CAROS D'ASSUMPCAO NO 336, MACAU, MO 999078 MACAU<br>PHONE: 853 2878 3742<br>FAX: 853-2878-3744<br>EMAIL: | MERCHANDISE | NO | 1,196,040 |
| NEWTIMES FAR EAST | UNIT D, 7TH FLOOR, PHASE 5, KOWLOON, KLN 999077 HONG KONG<br>PHONE: 85221977349<br>FAX: 886-2-2716-228452<br>     852 2454 3111<br>     212 997 7283<br>EMAIL: | MERCHANDISE | NO | 1,113,653 |
| ORIGINAL JY&T CO. LTD. | SANCHONG DIST., NEW TAIPEI CITY, TPE 241 TAIWAN<br>PHONE: 886 2 2999 1933<br>FAX: 886-2-2999-1960<br>EMAIL: | MERCHANDISE | NO | 1,110,853 |
| WEIHAI TEXTILE IMP AND EXP CO | NO. 16 SHICHANG DA ROAD, WEIHAI, 120 264200 CHINA<br>PHONE: 0086 631 569256<br>FAX: 0086-631-5692171<br>     86 63 1522 0773<br>EMAIL: | MERCHANDISE | NO | 1,097,795 |
| NINGBO ISUN FASHION CO. LTD | EAST FENGHUA INDUSTRIAL, NINGBO, 130 315500 CHINA<br>PHONE: 86-574-88950166<br>FAX: 86-574-88950166<br>     86-574-88950000<br>EMAIL: STEVE@NBISUN.COM | MERCHANDISE | NO | 1,014,787 |

| Creditor | Mailing Address and Contact Information | Nature of Claim | Contingent, Unliquidated or Disputed | Amount of Claim |
|---|---|---|---|---|
| MCKNIGHT, ROBERT | 167 EMERALD BAY, LAGUNA BEACH, CA 92651<br>PHONE:<br>FAX: 714-889-3700<br>EMAIL: | SEVERANCE | NO | 1,000,000 |
| CARMICHAEL INTERNATIONAL SERVICE | P.O. BOX 51025, LOS ANGELES, CA 90051<br>PHONE:<br>FAX: 213-250-0710<br>EMAIL: INFO@CARMNET.COM | FREIGHT | NO | 992,340 |
| SRINIVASA FASHIONS PVT LTD | PLOT NO. AP4, 5TH AVENUE, 2ND CROSS, CHENGALPAT, 22 603002 INDIA<br>PHONE: 91-44-4746 830<br>FAX: 91-44- 45560304<br>EMAIL: CONTACT@SRINIVASAFASHIONS.COM | MERCHANDISE | NO | 988,463 |
| DELTINA TRADING PTY LTD. | UNIT 2, 32 BELL STREET, TORQUAY, VIC 3228 AUSTRALIA<br>PHONE: 61-3-52614555<br>FAX: 61-3-52614555<br>     03 5261 4470<br>EMAIL: | MERCHANDISE | NO | 963,448 |
| ZHEJIANG XISHI JIAFANG TEXTILE CO L | PAITOU VILLAGE PAITOU TOWN, ZHUJI, 130 311825 CHINA<br>PHONE: 0575 87512872<br>FAX: 0575-87512877<br>EMAIL: | MERCHANDISE | NO | 945,776 |
| O'MELVENY & MYERS LLP | O'MELVENY & MYERS LLP<br>P.O. BOX 894436<br>LOS ANGELES, CA 90189-4436<br>PHONE: 213-430-6000<br>FAX: 213-430-6407<br>EMAIL: | LEGAL | NO | 931,041 |

## DECLARATION UNDER PENALTY OF PERJURY

I, Andrew Bruenjes, an authorized signatory for the above-captioned Debtors, declare under penalty of perjury that I have read the foregoing Consolidated List of Creditors Holding Thirty Largest Unsecured Claims and that it is true and correct to the best of my knowledge, information and belief.

Dated: September 9, 2015
      New York, New York

By: _____
Name: Andrew Bruenjes

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
In re:                                    :   Chapter 11
                                          :
QUIKSILVER WETSUITS, INC.,                :   Case No. 15-_____ (___)
                                          :
                  Debtor.                 :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## CORPORATE OWNERSHIP STATEMENT OF
## <u>QUIKSILVER WETSUITS, INC.</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following organizational chart identifies all entities having a direct or indirect ownership interest in the above-captioned debtor in possession (the "<u>Debtor</u>") and any entity in which the Debtor owns an interest.

### DECLARATION

I, Andrew Bruenjes, an authorized signatory of the Debtor in this case, declare under penalty of perjury that I have read the foregoing Corporate Ownership Statement and that it is true and correct to the best of my knowledge, information and belief.

Dated:   September 9, 2015
         New York, New York

By: _____
Name: Andrew Bruenjes



Quiksilver, Inc.
Delaware
Mountain & Wave SARL
Luxembourg
QS Wholesale, Inc.
California
Quiksilver Greater China Ltd.
Hong Kong
QS Holdings SARL
Luxembourg
Boardrider S.A.
Luxembourg
QS Holdings SARL
Swiss Financing Branch
QS Holdings SARL
Swiss Branc
QS Optics, Inc.
California
Quiksilver Wetsuits, Inc.
California
Mt. Waimea, Inc.
California
Quiksilver Ent., Inc.
California
DC Shoes, Inc.
California
Fidra, Inc.
California
Hawk Designs, Inc.
California
QS Retail, Inc.
California
Quiksilver Mexico, S. de R.L. de C.V.
Mexico
Con So Horin en Ventas Gama, S. de R.L. de C.V.
Mexico
Quiksilver Commercial S. de R.L. de C.V.
Mexico
DC Direct, Inc.
California
Biarritz Holdings SARL
Luxembourg
Biarritz Holdings SARL
Swiss Branch
54th Street Holdings SARL
Luxembourg
54th Street Holdings SARL
Swiss Branch
Quiksilver Aus. Pty. Ltd.
Australia
Chloelys Investment Ltd.
Cyprus
Quiksilver Roxy Korea Ltd.
Korea
DC (Shanghai) Commercial Co. Ltd.
China
DC Shoes(Hong Kong) Ltd.
Hong Kong
QSBR Industria e Comercio de Artigos Esportivos Ltda.
Brazil
Quiksilver Deluxe SARL
Luxembourg
Quiksilver Canada Corp.
Canada
Quiksilver Singapore Ltd.
Singapore
QS Retail (Taiwan) Ltd.
Taiwan
QS Retail (Thailand) Ltd.
Thailand
Quiksilver Foundation Australia Pty. Ltd.
Australia
Quiksilver Intl. Pty. Ltd.
Australia
Pavilion Prod. Pty. Ltd.
Australia
QS Retail, Pty. Ltd.
Australia
QS Retail (NZ) Limited
New Zealand
UMTT Pty. Ltd.
Australia
Quiksilver Japan K.K.
Japan
QSJ Holdings Pty. Ltd.
Australia
Ug Mfg. Co. Pty. Ltd.
Australia
Quiksilver Sourcing Aust.
Hong Kong
Caribbean Pty. Ltd.
Australia
Ug Mfg. Co. (NZ) Ltd.
New Zealand
PT Quiksilver
Indonesia
DC Shoes Australia Pty. Ltd.
Australia
DC Shoes (NZ) Limited
New Zealand
Quiksilver Asia Sourcing Ltd.
Hong Kong
Quiksilver Asia Sourcing (Shanghai) Co. Ltd.
China
Quiksilver Glorious (Longmen) Ltd.
China
Quiksilver Glorious Sun JV Ltd.
Hong Kong
Main Bridge
Hong Kong
Quiksilver Glorious Sun Apparels (HZ) Ltd.
China
Quiksilver Glorious Sun Licensing Ltd.
Hong Kong
Quiksilver Glorious Sun Trading
China
Pilot SAS
France
Na Pali SAS
France
Meribel SAS
France
Na Pali Europe SARL
France
Cariboo SARL
France
Tavarua SCI
France
Kokolo SARL
France (KO)
Emerald Coast
France
Drop In SARL
France
Quiksilver Travel
France (QT)
1.Distribution s.r.o.
Czech Republic
Boardriders Club Bratislava s.r.o.
Slovakia
Santocha Ltd.
Russia (ST)
Kauai GmbH
Germany
Vanuatu GmbH
Austria
New Pier Trading Ltd.
South Africa (NP)
Sumbawa SL
Spain
Haapiti SRL
Italy
Tarawa Lda.
Portugal
Sunshine Diffusion SA
Switzerland
Lanai, Ltd.
United Kingdom
Molokai Ltd.
United Kingdom
Hanalei NV
Belgium
Rawaki sp. Zoo
Poland
Pukalani BV
Netherlands
Namotu, Ltd.
Ireland
Uluwatu Aps
Denmark
Fistral Oy
Finland
LEGEND
Debtor
Non-Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

```
------------------------------------x
                                    :
In re:                              :   Chapter 11
                                    :
QUIKSILVER WETSUITS, INC.,          :   Case No. 15-_____ (___)
                                    :
                Debtor.             :
                                    :
------------------------------------x
```

## LIST OF EQUITY SECURITY HOLDERS

This list contains the equity security holders (the "List of Equity Security Holders") of Quiksilver Wetsuits, Inc. (the "Debtor"), which has been prepared in accordance with Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.

QS Wholesale, Inc.
5600 Argosy Circle
Huntington Beach, California 92649
(100%)

## DECLARATION

I, Andrew Bruenjes, an authorized signatory for the Debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my knowledge, information and belief.

Dated: September 9, 2015
       New York, New York

By:_____
Name: Andrew Bruenjes

## UNANIMOUS WRITTEN CONSENT IN LIEU OF A
## SPECIAL MEETING OF THE BOARD OF DIRECTORS

### OF

### QUIKSILVER WETSUITS, INC.

Pursuant to Section 307(b) of the General Corporation Law of the State of California, the undersigned, constituting all the members of the Board of Directors (the "Board of Directors") of Quiksilver Wetsuits, Inc., a California corporation (the "Corporation"), in lieu of holding a special meeting of the Board of Directors, hereby adopt, by this Unanimous Written Consent, the resolutions attached as Exhibit A and direct this Unanimous Written Consent to be filed with the minutes of the proceedings of the Board of Directors in the books and records of the Corporation.

IN WITNESS WHEREOF, the undersigned, being all the members of the Board of Directors of the Corporation, have executed this written consent as of the 7th day of September, 2015.

_____
Lindsey Caya

_____
Andrew Bruenjes

## EXHIBIT A

**WHEREAS**, the Board of Directors has been presented with a proposed petition to be filed by the Corporation in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought; and

**WHEREAS**, the Board of Directors, having considered the financial and operational aspects of the Corporation's business and the best course of action to maximize value, has determined that it is advisable and in the best interests of the Corporation and its stakeholders, including its stockholder, its creditors, and other interested parties, that the Corporation file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

Chapter 11 Filing

**NOW THEREFORE, BE IT RESOLVED**, that the Corporation shall file a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, and the filing of such petition is authorized hereby in all respects;

**FURTHER RESOLVED**, that each of the President, Vice President, Chief Financial Officer, Secretary and any Assistant Secretary of the Corporation (each, an "Authorized Representative," and, collectively, the "Authorized Representatives") is hereby authorized, empowered and directed, in the name and on behalf of the Corporation, to take all actions in connection with the chapter 11 case authorized herein;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to execute and verify a petition in the name of the Corporation under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Representative executing said petition on behalf of the Corporation shall determine;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to prepare, execute and file or cause to be prepared, executed and filed (or to direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, schedules, motions, lists, applications, pleadings and other papers, and in that connection to employ and retain all assistance by legal counsel, accountants or other professionals and to take any and all other action which the Authorized Representatives or any one of them deem necessary or appropriate in connection with the chapter 11 case contemplated hereby, with a view to the successful prosecution of such case;

2

**FURTHER RESOLVED**, that all acts lawfully done or actions lawfully taken by any Authorized Representative to seek relief under chapter 11 of the Bankruptcy Code or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Corporation;

Plan Sponsorship Agreement

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, in connection with the filing of the Corporation's chapter 11 case, to enter into that certain Plan Sponsorship Agreement, among the Corporation, its subsidiaries and [ Oaktree Acquisition Subsidiary ] (together with any ancillary or related governing documents, certificates or agreements, the "Plan Sponsorship Agreement"), substantially in accordance with the summary presented to the Board of Directors, subject to such modifications thereto as any such officer may deem necessary or advisable in order to give effect to and carry out the general purposes of the Plan Sponsorship Agreement as presented to the Board of Directors;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to take actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform and cause the performance of any agreements, certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of the Plan Sponsorship Agreement to which the Corporation is or will be a party, including, but not limited to any and all exhibits and/or ancillary documents related thereto;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to amend, extend, supplement or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation (and any such actions heretofore taken by any of them are hereby ratified, confirmed and approved in all respects), to: (i) cause the Corporation to perform, enter into, negotiate, execute, deliver, certify, file and/or record any and all of the agreements, documents and instruments referenced herein, and such other agreements, financing statements, undertakings, instruments, motions, affidavits, assignments, applications for approvals or ruling of governmental or regulatory authorities, certificates or written consents thereof as may be required or as such Authorized Representative deems necessary, proper or desirable, in such form and substance and with such additions and changes to any or all of such terms and conditions

3

as such Authorized Representative deems necessary, proper or desirable; and (ii) take or perform such other acts as may in the judgment of such person be or become necessary, proper or desirable, in order to effectuate fully the purposes and intent of the foregoing resolutions and matters ratified or approved herein and the consummation of the transactions contemplated thereby, such determination to be conclusively evidenced by the taking of such action or the execution and delivery thereof;

Store Closings

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to finalize and implement a store closure and store liquidation plan, substantially in accordance with the summary presented to the Board of Directors, subject to such modifications thereto as any such Authorized Representative may deem necessary or advisable in order to give effect to and carry out the general purposes of such plan as presented to the Board of Directors, and that such Authorized Representatives be, and they hereby are, authorized and empowered to retain such advisors, liquidation firms and other agents and representatives in connection with the implementation of such plan as any such Authorized Representative deems necessary or advisable, and to pay the fees and expenses of such advisors, firms, agents and representatives in connection therewith;

Financing Transactions

**FURTHER RESOLVED**, that the Corporation, as debtor and debtor-in-possession under chapter 11 of the Bankruptcy Code, shall be, and it hereby is, authorized to: (a) enter into one or more new debtor-in-possession financing facilities, or amend, restate, amend and restate, supplement or otherwise modify any existing financing facility to provide a debtor-in-possession financing facility, and enter into any associated documents and consummate the transactions contemplated therein (collectively, the "Financing Transactions") with such lenders and on such terms substantially consistent with those presented to the Board of Directors on or prior to the date hereof and as may be further approved, modified or amended by any one or more of the Authorized Representatives, as may be reasonably necessary or desirable for the continuing conduct of the affairs of the Corporation; and (b) pay related fees and grant security interests in and liens upon some, all or substantially all of the Corporation's assets, in such case as may be deemed necessary or desirable by any one or more of the Authorized Representatives in connection with the Financing Transactions;

**FURTHER RESOLVED**, that: (a) the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, as debtor and debtor-in-possession, to take such actions and execute, acknowledge, deliver and verify such agreements, certificates, instruments, guaranties, notices and any and all other documents as any of the Authorized Representatives may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) Financing

4

Documents containing such provisions, terms, conditions, covenants, warranties and representations as may be deemed necessary or desirable by any of the Authorized Representatives are hereby approved in all respects; and (c) the actions of any Authorized Representative taken pursuant to this resolution, including the execution, acknowledgment, delivery and verification of all agreements, certificates, instruments, guaranties, notices and other documents, shall be conclusive evidence of such Authorized Representative's approval thereof and the necessity or desirability thereof;

Retention of Advisors

**FURTHER RESOLVED**, that the law firm of Skadden, Arps, Slate, Meagher & Flom LLP and its affiliates be, and hereby are, employed under a general retainer to render legal services to, and to represent, the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of Peter J. Solomon Company be, and hereby is, employed as investment banker to the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the firm of FTI Consulting, Inc., be, and hereby is, employed as financial advisor to the Corporation in connection with the chapter 11 case and any other related matters in connection therewith, on such terms as any Authorized Representatives shall approve;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to retain such other professionals as they deem appropriate during the course of the chapter 11 case;

Appointment of Officer

**FURTHER RESOLVED**, that Greg Healy be, and he hereby is, elected as Vice President of the Corporation, to hold such office and to serve in accordance with the bylaws of the Corporation, and at the discretion of the Board of Directors;

Fees and Expenses

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions, the making of any such payment conclusively to evidence the due authorization and approval thereof by the Board of Directors;

General

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered all such further agreements, certificates, undertakings, instruments and any and all other documents and amendments as in their judgment shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions;

**FURTHER RESOLVED**, that the Authorized Representatives be, and each of them, with full authority to act without the others, hereby is, authorized, empowered and directed, in the name and on behalf of the Corporation, to amend, supplement or otherwise modify from time to time the terms of any agreements, undertakings, documents, certificates, instruments, agreements or other writings referred to in the foregoing resolutions; and

**FURTHER RESOLVED**, that all actions heretofore taken consistent with the purpose and intent of the foregoing resolutions are hereby authorized, ratified, approved, confirmed and adopted in all respects as the acts and deeds of the Corporation as fully as if such actions had been presented to the Board of Directors for its prior approval, including, but not limited to, all such actions taken by any director, officer or employee of the Corporation.